WALKER *v.* ROBINSON.[*]

(Division B.     May 30, 1927.)

[112 So. 867.     No. 26517.]

COURTS.    *On defendant's surrendering automobile to sheriff under parties' agreement, court held not deprived of jurisdiction to proceed with purchase-money proceeding.*

Where an automobile was seized under a purchase-money proceeding and was in the possession of the sheriff, and the plaintiff and

defendant entered into an agreement that if the defendant would pay certain moneys due within a given time, the suit would be dismissed, but if not, the automobile would be restored to the sheriff and the suit proceeded with, and the defendant failed to make the payment, but surrendered the possession of the car to the sheriff, the court was not deprived of jurisdiction to proceed with the cause.

---

*Corpus Juris-Cyc References: Courts, 15CJ, p. 823, n. 67.

APPEAL from circuit court of Jones county.
HON. R. S. HALL, Judge.
Action by R. M. Walker, trading as the Walker Motor Company, against George Robinson to recover the unpaid purchase price of an automobile. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*F. B. Collins,* for appellant.

The first error assigned is the action of the court below in overruling plaintiff's demurrer to defendant's plea to the jurisdiction of the court. The defendant contended in this plea that there was an agreement between plaintiff and defendant that the sheriff was to release the car to the defendant upon the payment of one hundred nine dollars and thirty-five cents by the defendant to the plaintiff; that, therefore, the car was not in court; and because of that fact the court had lost jurisdiction of the case.

Section 2438, Hemingway's Code (section 3081, Code of 1906) the law under which plaintiff was proceeding in this action, provides that in case the plaintiff proves his debt but fails to establish a lien on the property, he shall have judgment only for the debt.

It will be noted that the return of the officer on the writ of seizure shows that the process was personally served on the defendant; that a judgment was taken by default against the defendant on this process; that he appeared on the same day and moved the court to set aside this

judgment, which motion was sustained; and that he then filed a plea of the general issue and a special plea setting up certain payments. This was all done before any plea to the jurisdiction of the court was filed.

The defendant had, therefore, entered his appearance in court and was in court for all purposes and even though it be conceded, which we do not, that the court had no jurisdiction over the car, yet the defendant was in court, had appeared in court and plead to the merits of the case and plaintiff had a right to have judgment *in personam* against the defendant for the amount of the debt, pursuant to the provisions of section 2438, Hemingway's Code (section 3081, Code of 1906).

The court did not lose jurisdiction even of the car by agreement of the parties as testified to by Mr. Tittle, because he says that it was agreed that the sheriff was to give the defendant possession of the car and that the defendant was to pay up all past due notes; that the suit was to remain pending until these notes were paid and on failure to pay these notes that the defendant was to restore the car to the possession of the sheriff and the suit was to be proceeded with as if no agreement had been made; and that the defendant failed to pay the notes as agreed and surrendered the car to the possession of the sheriff; hence the very terms of the agreement and the action of the parties placed the car within the jurisdiction of the court and the court should have retained jurisdiction over the property.

*Jeff Collins,* for appellee.

Counsel states that the parties had an agreement by which the defendant was to pay all the past due notes on or before the ensuing term of court or that the case would be proceeded with and the car sold at public sale. This statement of facts is not warranted by the testimony.

This case then is in this attitude: An affidavit and writ of seizure suit is begun; the property levied on and be-

fore the case is disposed of by the court, the parties. get together and agree that the defendant shall make a payment on the property, take the property back, and pay up some other notes; but unless he does this, the property would be turned back over to the plaintiff by the defendant and sold at a public sale. It is our contention that this agreement by its very terms disposed of the case in spite of the fact that the plaintiff said that he would not drop the case.

Plaintiff could have proceeded originally under section 3081, Code of 1906, if he had failed to establish his lien on the car, but he cannot now proceed under that section because he has agreed that he will proceed in this way and upon this agreement. The subject-matter of the suit was taken out of the custody of the court and placed into the custody first of the defendant and then back into the custody of the plaintiff.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sold to the appellee an automobile, a Hudson coach, for which appellee paid partly in cash and executed in appellant's favor ten promissory notes of fifty-three dollars and fifty cents each, and one note for one hundred ninety-six dollars and sixty-five cents. The first of the ten notes was due April 20, 1926, and the others were due on the 20th day of each month thereafter. The appellee took possession of the said automobile, and on the 20th day of April paid the first installment due thereon. Two more of said notes thereafter became due, but were not paid; whereupon appellant, exercising his right under the contract, declared the whole amount due and payable at once.

On the 28th day of August, 1926, the appellant filed his suit in the circuit court of the Second district of Jones county, Miss., against the appellee for the balance of the unpaid purchase price of the automobile, claiming a purchase-money lien on said automobile, and prayed for a

writ of seizure for said car. After the sheriff had taken possession of the car, the appellant and the appellee entered into an agreement whereby it was agreed that the sheriff should let the appellee, Robinson, have possession of the car, and the appellee agreed to pay all of the past-due notes.

It was further agreed that the suit would not be dismissed, but remain pending, and if the appellee paid the past-due notes, that the suit would then be dismissed, but if he failed to pay them on or before the ensuing term of court, the case would be proceeded with and the car sold at public sale. The appellee was then given possession of the car, but thereafter, failing to comply with the agreement to pay the amounts due, he surrendered the automobile to the sheriff.

On November 23d, during the term of circuit court, judgment by default was taken against the defendant, appellee here, which judgment was afterwards set aside by a motion; thereupon appellee filed a plea of the general issue and then a special plea, setting up certain payments. Later, the appellee filed a plea to the jurisdiction of the court, wherein he alleged that the court did not have jurisdiction of the case because the automobile had been released to him by the agreement of the parties. A plea of breach of warranty was then filed by the appellant interposed a demurrer to the plea to the jurisdiction, and also to the plea of a breach of warranty. The demurrer was overruled, after which issue was joined on the pleas and the case proceeded to trial.

The appellant introduced evidence showing the amount of the debt due and unpaid, and evidence of the agreement between the appellant and appellee as to the temporary possession of the car pending the suit, and rested its case; whereupon the appellee moved the court to exclude all the testimony offered by the appellant and to direct the jury to render a verdict for him, which motion was sustained.

We think the court erred in sustaining this motion. Under the statute the appellant was entitled to a personal judgment, and under the agreement between appellant and appellee the suit was not to be dismissed, but was to remain pending until certain payments were made, which the evidence introduced shows was not made. We think that the intrusting of the automobile, in the seizure proceedings, to appellee does not end the jurisdiction of the court to proceed with the case as between the appellee and appellant, nor does it affect the appellant's right thereafter to proceed with the suit. The only thing effected thereby would be to release the sheriff from liability for the car during the period in which it was in the possession of the appellee under the agreement. The judgment of the court will therefore be reversed, and the case remanded for further proceedings.

*Reversed and remanded.*